UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ELAINE RUNDEL, and JAMES RUNDEL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV00539 ERW |
| | ) | |
| BOB EVANS RESTAURANT INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The matter comes before the Court on Defendant Bob Evans Farms, Inc's Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. #10].

**I.  BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Elaine Rundel ("Ms. Rundel") alleges that she suffered personal injuries arising from the negligence of her employer, Defendant Bob Evans Farms, Inc. ("Defendant"). Plaintiff James Rundel ("Mr. Rundel"; Ms. Rundel and Mr. Rundel collectively referred to as "Plaintiffs") alleges derivative claims, including loss of care and consortium.

On August 19, 2004, Ms. Rundel was employed by Defendant, and worked at a restaurant that was owned and operated by Defendant. She left work early that day, complaining of lower back pain and high blood pressure, although she did not say anything about what she believed had caused the pain. She later claimed that her pain was the result of lifting a heavy tub of utensils from the floor, while at work on August 19, 2004. Ms. Rundel eventually filed a claim for compensation with the Missouri Department of Labor and Industrial Relations, Division of Workers' Compensation. She claimed extensive damages, including the need for "surgical nerve

root decompression and spinal repair," arising from the lifting incident. (Claim, doc. #1-2, p.4). Her claim was denied. (Award, doc. #1-3).

Plaintiffs then filed the present action in the Circuit Court of the 23rd Judicial Circuit of Missouri in Jefferson County. Defendant removed the case to this Court, pursuant to 28 U.S.C. § 1441, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Defendant then filed the pending Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction. Specifically, Defendant claims that "this Court lacks subject matter jurisdiction over Plaintiffs' claims based upon the exclusivity provision of the Missouri Workers' Compensation Act, Section 287.120 RSMo 2005, and, therefore, should be dismissed by this Court." (Pls.' Mtn., doc. #10, p.2.).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party is permitted to challenge a federal court's jurisdiction over the subject matter of the complaint. When the Court's subject matter jurisdiction is challenged, at issue is the Court's "very power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). The party invoking the jurisdiction of the federal court has the burden of establishing that the court has the requisite subject matter jurisdiction to grant the requested relief. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

For an action to be dismissed under Rule 12(b)(1), the complaint must either be successfully challenged on the factual truthfulness of its assertions, or successfully challenged on its face. *See Osborn*, 918 F.2d at 729. The identification of whether a challenge is facial or factual is a necessary step, and this identification establishes how a court should proceed when resolving a motion to dismiss under Rule 12(b)(1). When subject matter jurisdiction is challenged

2

based on the factual truthfulness of the assertions, a court is permitted to consider "matters outside the pleadings," such as testimony and affidavits. *Id.* at 729 n.2 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)); *see also Smith v. U.S. Postal Serv. Inspector Gen.*, 2007 WL 537712, at *2 n.3 (E.D. Ark. Feb. 16, 2007). Although matters outside the pleadings can be considered, the motion to dismiss is not converted into one for summary judgment. *See Osborn*, 918 F.2d at 729. When a court's subject matter jurisdiction is challenged in a facial attack, however, the Court "restricts itself to the face of the pleadings." *Id.* at 729.

## III. DISCUSSION

Both Parties in this case have relied on materials beyond the pleadings, particularly the Missouri Department of Labor and Industrial Relations' Findings of Facts and Rulings of Law. (Def.'s Ex. B, doc. #10-3). Thus, the Court concludes that Defendants' subject matter jurisdiction challenge is a factual challenge. Because it is not a facial challenge, Plaintiffs will not receive "the same protections as [they] would [have been given if they were] defending against a motion brought under Rule 12(b)(6)." *Osborn*, 918 F.2d at 729 n.6. At issue in a factual Rule 12(b)(1) motion is the trial court's jurisdiction, and "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 730. Therefore, Plaintiffs bear the burden of proving that the Court has jurisdiction, and "no presumptive truthfulness attaches to the [Plaintiffs'] allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims." *Id.*; *see also Smith v. U.S. Postal Serv. Inspector Gen.*, 2007 WL 537712, at *2 (E.D. Ark. Feb. 16, 2007).

3

A federal district court has subject matter jurisdiction based on diversity when the requirements set forth in 28 U.S.C. § 1332 have been met. Specifically, the amount in controversy must exceed $75,000.00, and the parties must be of diverse citizenship. *See* 28 U.S.C. § 1332(a)(1). In its Notice of Removal [doc. #1], Defendant asserts that these requirements have been met in this case, noting that Plaintiffs are citizens of Missouri, whereas Defendant is a citizen of Ohio. Moreover, given the substantial damages alleged by Plaintiffs, Defendant asserts that it could "legally conclude from the pleadings and prove that the amount in controversy is greater than" $75,000.00. (Notice of Removal, doc. #1, p.2). Plaintiffs have not disputed these assertions, nor have they introduced any contrary evidence. The Court is satisfied that it has diversity-based subject matter jurisdiction over this case.

However, the subject matter jurisdiction inquiry does not end here. The real dispute in this case is whether Plaintiffs' claims against Defendant are barred by the exclusivity provision of the Missouri Workers' Compensation Act. The exclusivity provision provides: "The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee . . . at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter." Mo. Rev. Stat. § 287.120(2). Missouri courts have held that this exclusivity provision is a complete bar to common law tort actions that arise out of work-related incidents, and that fall within the provisions of the Missouri Workers' Compensation Act. *See, e.g.*, *Killian v. J & J Installers, Inc.*, 802 S.W.2d 158, 160 (Mo. 1991) (en banc); *State ex rel. McDonnell Douglas Corp. v. Ryan*, 745 S.W.2d 152, 153 (Mo. 1988) (en banc); s*ee also Giandinoto v. Chemir Analytical Servs., Inc.*, 545 F. Supp. 2d 952, 960 (E.D. Mo. 2007); *Hardebeck v. Warner-Jenkinson Co.*, 108 F. Supp. 2d 1062, 1064

4

(E.D. Mo. 2000); *Nichols v. Am. Nat'l Ins. Co.*, 945 F. Supp. 1242, 1247 (E.D. Mo. 1996); *Cotton v. AT&T Operations, Inc.*, 2006 WL 3617896, at *3 (E.D. Mo. Sept. 28, 2006); *Wagner v. Cookbook Publishers, Inc.*, 2006 WL 1041681, at *1 (W.D. Mo. 2006).

Plaintiffs' lawsuit is based solely on claims that Ms. Rundel suffered a work-related injury while employed by Defendant. However, because the Missouri Workers' Compensation Act provides the exclusive remedy for employees who are injured at work, and because Ms. Rundel's claim for compensation was already denied by the Department of Labor and Industrial Relations of Missouri, this Court does not have subject matter jurisdiction over this matter.

Plaintiffs cite two cases from the Missouri Court of Appeals, Southern District, in support of their argument that filing a motion to dismiss under Rule 12(b)(1) is an improper vehicle for making exclusivity arguments. *See State ex rel. Dolgencorp v. Sharp*, 2009 WL 712476 (Mo. Ct. App. Mar. 19, 2009); *McCracken v. Wal-Mart Stores East, LP*, 2009 WL 464860 (Mo. Ct. App. Feb. 25, 2009). At the time that the Parties submitted their Briefs regarding this pending Motion, these two cases would likely be considered to be outliers by most courts, in large part because the Western District and Eastern District appellate courts had consistently ruled to the contrary. However, on October 27, 2009, the Supreme Court of Missouri issued an order that clarified the issue. *See McCracken v. Wal-Mart Stores East, LP*, 298 S.W.3d 473 (Mo. 2009) (en banc). The Missouri Supreme Court explained:

> For some 50 years following [*Kemper v. Gluck*, 39 S.W.2d 330 (1931)], the principle that the Act's exclusivity provisions provide an affirmative defense that may be waived was rooted deeply in case law, with myriad decisions stating that the applicability of workers' compensation turned on whether it had been pleaded and proved in a responsive pleading. As recently as 1991, at least some court of appeals decisions properly continued to recognize that the workers' compensation defense was not jurisdictional in nature . . . . Nonetheless, beginning in the 1980s, sloppy

5

> references to a court's authority to proceed as a kind of jurisdictional competence issue gradually appear to have resulted in a general acceptance that the workers' compensation defense was a matter of subject matter jurisdiction.

*Id.* at 478. The Missouri Supreme Court condemned these "sloppy references," and found that the issue of whether the exclusivity provision bars a civil claim "should be raised as an affirmative defense to the circuit court's *statutory authority to proceed* with resolving his claim. *Id.* at 477-78. However, the Missouri Supreme Court noted that "[b]ecause recent cases erroneously suggested that the Act's applicability could be raised by filing a motion to dismiss for lack of subject matter jurisdiction, . . . this rule will be applied prospectively only." *Id.* at 479. Because the pending Motion to Dismiss was filed and was fully briefed well before the Missouri Supreme Court's *McCracken* decision, Plaintiffs' argument that a Rule 12(b)(1) motion is not the proper vehicle must fail.

Plaintiffs also cite *Missouri Alliance for Retired Americans v. Department of Labor and Industrial Relations*, 277 S.W.3d 670 (Mo. 2009) (en banc), in support of their opposition to Defendant's Motion to Dismiss. In *Missouri Alliance*, the Missouri Supreme Court held that "workers excluded from the act by the narrower definitions of 'accident' and 'injury' have a right to bring suit under the common law, just as they could and did prior to the initial adoption of the [Missouri Workers' Compensation Act], because they no longer fall within the exclusivity provision." *Id.* at 680. As this Court understands the *Missouri Alliance* opinion, it does not apply to the case at hand. In the present case, the Department of Labor and Industrial Relations of Missouri denied Ms. Rundel's claim for compensation after Administrative Law Judge Suzette Carlisle found that Ms. Rundel's injury did not arise out of or in the course of employment, as it could not "be traced to employment." Judge Carlisle concluded that Ms. Rundel did not sustain a

6

work accident, and that the injury was not a natural incident of work. Judge Carlisle noted that Ms. Rundel failed to report any incident of a work related injury in close proximity to the event she claims resulted in her injury, and that Ms. Rundel had a history of continuous pain in the area of the complained injury before the date of the claimed incident at work. (Award, doc. #1-3, p.9-10). Judge Carlisle's decision was based in large part on her determinations regarding the credibility of the witnesses, which this Court is not in a position to question. The denial was not based on a finding that Ms. Rundel's claim did not fall within the definitions of "accident" or "injury" provided in the Missouri Workers' Compensation Act. Thus, the Court concludes that *Missouri Alliance*[1] is inapposite.

Although claims that are dismissed for lack of subject matter jurisdiction are generally dismissed without prejudice, the Court will dismiss Plaintiffs' claims in this case with prejudice, as Plaintiffs' claims have already been resolved by the Department of Labor and Industrial Relations of Missouri, Division of Workers' Compensation.

---

[1]The Missouri Supreme Court acknowledged the significance of the definitions of "accident" and "injury" in the exclusivity clause: "[b]y limiting these definitions, the scope of the [workers' compensation] act is limited. Any removal of certain injuries and accidents from the scope of the act also places the workers who have suffered those injuries outside the workers' compensation system, and they are no longer governed by the act." *Mo. Alliance for Retired Ams.*, 277 S.W.3d at 679.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bob Evans Farms, Inc's Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. #10] is **GRANTED**. Plaintiffs' claims against Defendant are **DISMISSED**, **with prejudice**.

Dated this 17th Day of February, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE